Judge Owsley
deliver*^! the Opinion of tbo Court.
This writ of error is brought to reverse a judgment recovered by Tatum, in an action of assumpsit. prosecuted by him in the court below# against Cochran.
The questions made by the assignment of errors, grow out of instructions which were given by the court to the jury, on the trial of the general issue.
The declaration contains two counts, the first of' which is a special one, and the other a general indebitatus count, for work and labor.
After the evidence was through, the counsel for Cochran moved the court to instruct the jury to find as in case of a non-suit, on the ground — *
1st. Of a variance between the evidence introduced upon the trial anti the first count; and—
2nd. On the ground that the evidence did not authorise a recovery upon the general count.
The motion was overruled, and the jury instructed by the court, that Tatum was entitled to recover whatever the work and labor done by him war worth.
That there is such r. variance between the evidence and the agreement contained in the first count of the declaration, as to preclude a recovery’ npon that count, is no obviously clear, that in com-batting the motion for the instructions -to the jury to timi as in case of a non-suit, ii appears not tu have been even contended by the counsel for Tatum,, *405 that tbe jury could find for him on the first count. Tiie contract as proved, not only differs in some of its essential attributes from that alleged in the first count, but moreover, instead of proving a performance of those tilings, which are in their nature precedent conditions on the part of Tatum, and which arc. alleged in his first count to have been performed by him, the evidence shews that they have been performed in part only, and goes to establish other facts, which, though not alleged in the. count, were relied upon as forming an excuse for the non performance. -
count averina; perform* arico only,
If (lie remit* noration to bn made for labor is money, and the labor is performed, hovv«. ever special the a "yeomen t may bee-the demand may he recovered on a ¡ropera! indebitatus count--
But if the a¡treeiueut is to «ecure properly, (a3 part of the produce of the larm,) the count must !>s spe-nial.
Turner for plaintiff.
But conceding the evidence to be insufficient to authorise a recovery upon the special count, it was contended to be sufficient to warrant a finding by the jury upon tiie genera] count. We, however, think differently. The contract proved, is one by which work andt labor was undertaken to be performed by Tatum, and we admit, that if the remuneration which was to'have been made by Cochran to him for his labor, was money, and the terms of tiie agreement had been performed by Tatum, however special the agreement, there would have been no necessity for him to declare specially, and although he should do so in one count, and on the trial prove tiie agreement to be different from that alleged, he would nevertheless be entitled to recover upon a general indebitatus count, for work and labor.
Bnt the remuneration which, according to the evidence- in this case, Tatum was to receive for the labor which he undertook to perform, was part of the proceeds of the farm upon which the work was to be done, and not money, and in such a case, though the work and labor be actually performed, tin- taw implies no promise to pay its value in money, and of course, there can be no recovery «pon die general count.
It follows, therefore, that the court erred as well iiiyivcrruling the motion to instruct, the jury as in r.?Mw»f a non-suit, as in giving the instruct ions v.'v'b "i d<d t-> the jury. The judgment must, rm.-cqr-ev,-.!., be reversed with cost, the cause rein-.'C'b’-s to tin-court (iclnvy, ami further proceedings ilie-u had,- not inconsistent with this opinion.